UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CYNTHIA VAN EPPS,

                      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

                      Defendant.

Case No. 11-CV-1162-JPS

ORDER

Plaintiff Cynthia Van Epps ("Van Epps") brings this suit under 42 U.S.C. § 405(g) for judicial review of a final decision of the Social Security Administration denying her application for disability insurance benefits ("DIB") for lack of disability. (Docket #1, 1); (Tr. 13); (Tr. 3).

The procedural history in this case is peculiar and so the Court addresses it at the outset.

1.     PROCEDURAL HISTORY

On February 2, 2010, Van Epps submitted both: (i) an application for DIB (Tr. 99); and (ii) an application for supplemental security income ("SSI") (Tr. 103). On March 5, 2010, Van Epps' SSI claim was denied on the basis that she had "too much income to be eligible for SSI." (Tr. 36). Van Epps' DIB claim was denied for lack of disability both initially on April 15, 2010 (Tr. 44) and on reconsideration on July 12, 2010 (Tr. 50).

Next, on August 13, 2010, Van Epps appears to have given the following statement to the Social Security Administration as part of her request for a hearing by an administrative law judge: "I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I DISAGREE

WITH THE DETERMINATION MADE ON MY CLAIM FOR SSI DISABILITY/TITLE II BENEFITS BECAUSE I AM TOTALLY DISABLED AND CAN NO LONGER WORK." (Tr. 62).

A "NOTICE OF HEARING" sent under the auspices of Administrative Law Judge Patrick D. Halligan ("ALJ Halligan") states, in relevant part, the following under the heading "Issues I Will Consider": "The hearing concerns your application of January 19, 2010, for a Period of Disability and Disability Insurance Benefits under sections 216(i) and 223(a) of the Social Security Act (the Act). I will consider whether you are disabled under sections 216(i) and 223(d) of the Act."(Tr. 73-77).

That hearing before ALJ Halligan was held on February 22, 2011, and lasted only nineteen (19) minutes. (Tr. 19-33). Following some introductory remarks and questions about Van Epps' work history (Tr. 19-22), ALJ Halligan broached the topic of the "date last insured" and the following dialogue occurred:

> Q. [by ALJ Halligan] Did your lawyer talk to you about this idea of a date last insured, when you were last covered by Title II of our program? Did she talk to you about that?
>
> A. [by Van Epps] Um-hum.
>
> Q. Okay. That was over three years ago you know?
>
> A. Um-hum, yes.
>
> Q. What can I do about it, you're not insured anymore? What about SSI though, you want SSI, that would be more reasonable?

Page 2 of 10

Case 2:11-cv-01162-JPS   Filed 01/14/13   Page 2 of 10   Document 20

A. Yes, yes. You know the thing is when I had surgery I was on temporary disability and I wanted to go back to work.

. . .

ALJ: Let me ask your lawyer a question. Are she and her husband, are they going to be, would they be financially eligible for SSI?

ATTY: Yes.

ALJ: They would?

ATTY: Yes.

ALJ: Okay.

. . .

ALJ: I'm looking for a date here, Ann – do you mind if I call you by your first name?

ATTY: That's fine.

ALJ: I'm looking for a date here, you know? I know that a person who is carrying all that weight and who has a bad back I know that just, just living and carrying all that weight is going to cause a deterioration. I know that.

CLMT: [Van Epps] Um-hum.

ALJ: So I'm looking for a good date here. Robert Calliar, MD and Patricia Chan, MD, they said that they thought that on the date last insured the claimant still had a light RFC. Well that was three years ago so –

ATTY: Right.

ALJ: – I know that's not reasonable anymore. So I'm looking for a date here for either an argument that she's of medical equivalence to a listing or since she's under 50-years of age you'd have to come up with a date that allows me to say that she could not even do sedentary work –

ATTY: Right.

ALJ: – full-time.

ATTY: Right.

. . .

ALJ: Well, yeah. Well, we might as well just use your S – well, no, that's, that's not good. Well, since it's SSI only I guess we just use the SSI application date –

ATTY: Right, that's –

ALJ: – shouldn't I?

ATTY: – January.

ALJ: Okay. I'll find you became disabled on the SSI application date then.

ATTY: Thank you, Judge.

CLMT: Thank you.

ALJ: Okay. Okay so that's February, that's February 2nd of last year. It's just about a year ago that you applied.

ATTY: Right.

CLMT: Um-hum.

ALJ: Okay. Now this is SSI only then, am I right?

ATTY: Yes.

CLMT: Um-hum.

ALJ: Okay. So I'll just put in a line saying that this was discussed and you with [sic], you're withdrawing the Title II application. And then I'll find you became disabled on February 2nd, 2010.

BY ADMINISTRATIVE LAW JUDGE:

Q. Why don't you just let Ann ask you some questions about your, your back and your movement and your strength this last year.

A. Um-hum.

Q. You, you said a moment ago that it's difficult for you to twist, difficult for you to crouch and difficult for you to –

A. Um-hum.

Q. – stoop. So just let Ann aks you a few questions about that, how low can you go, you know what I mean?

A. How low I can go.

Q. I'm just –

A. I absolutely can't twist.

Q. No, I'm just trying to be a little light-hearted here.

A. Oh, okay.

Q. The reason, the reason is that the quality control listens to this –

> A. Um-hum.
>
> Q. – I don't want them sending it back saying Halligan, you didn't interview her enough.
>
> ATTY: Right.
>
> CLMT: Okay.
>
> ALJ: So you just listen to Ann. She'll ask you about stooping, crouching, reaching and twisting.

(Tr. 22-27).

After Van Epps' attorney and ALJ Halligan posed questions to Van Epps regarding her alleged impairments, ALJ Halligan concluded the hearing with the following exchange between he and Van Epps:

> Q. Okay. All right, so I'll find that you became disabled, SSI only now, and that's on the application date, February 2nd –
>
> A. Okay.
>
> Q. – 2010 is when you went and applied.

(Tr. 33).

Notwithstanding his statements at the hearing, ALJ Halligan rendered a decision two days after the hearing addressing only Van Epps' "*Title II application for disability and disability insurance benefits, alleging disability beginning January 1, 2002.*" (Tr. 9) (emphasis added). ALJ Halligan's decision "conclude[d] the claimant was not under a disability within the meaning of the Social Security Act from January 1, 2002, through the date last insured."

(*Id.*). The "rationale" section of ALJ Halligan's decision begins with the following *mea culpa*:

> The undersigned has to begin by admitting that he made a mistake. The mistake was thinking that the SSI application was still active. Because the condition of the claimant has deteriorated over recent years, the undersigned suggested a later onset finding as of the date of the SSI application. The claimant and her lawyer agreed that this was a reasonable approach to the case and a reasonable response to the medical history. The problem is that the SSI application no longer was active.
>
> The claimant filed an SSI application on January 19, 2010. The undersigned erroneously and mistakenly believed that that application was before the undersigned. It is not. The SSI application was denied by the field office on nonmedical grounds, namely, the income of the husband of the claimant. The husband of the claimant himself receives Social Security disability benefits. That and whatever other income the household receives is enough, the field office found, to make the claimant financially ineligible for SSI. For that reason the field office denied the SSI application. The claimant has not appealed that field office decision. The claimant did not even seek reconsideration of that nonmedical ineligibility finding. In other words, the undersigned was simply mistaken and admits it.
>
> Because there is no SSI application before the undersigned, the date last insured is critical.

(Tr. 11-12).

Despite this concession, ALJ Halligan's decision proceeds to adjudicate (and deny) Van Epps' DIB claim. (Tr. 12-13).
Page 7 of 10

Case 2:11-cv-01162-JPS   Filed 01/14/13   Page 7 of 10   Document 20

2. ANALYSIS

Van Epps argues that "once the ALJ realized that he was wrong about the offer he made to Van Epps, he compounded the error by issuing a decision that was wrong on its facts, law, not based upon full development of the record, and that was surprising and unfair to Van Epps." (Docket #13, 2).

Given that: (i) the hearing transcript (as detailed *supra*) evidences that ALJ Halligan, Van Epps and Van Epps' attorney believed that: (a) Van Epps' SSI application would be approved; and (b) questions and answers were asked and answered only to create a paper trail to justify a finding of disability as to Van Epps' *SSI* application; (ii) ALJ Halligan's decision admits that the deal he brokered – Van Epps abandoning her DIB appeal in consideration of ALJ Halligan's favorable oral ruling on her SSI claim – was predicated on a fundamental misunderstanding; and (iii) ALJ Halligan's decision nevertheless disposed of Van Epps' *DIB* appeal, the Court finds that ALJ Halligan's decision as to Van Epps' DIB application was clearly not based upon full development of the record as to *that claim.*

"It is a basic obligation of the ALJ to develop a full and fair record. Failure to do so will authorize remand for further hearing." *Smith v. Secretary of Health, Ed. and Welfare,* 587 F.2d 857, 860 (7th Cir. 1978) (citations omitted).

Here, ALJ Halligan should have simply re-heard plaintiff's DIB claim after realizing his misunderstandings. Instead, he proceeded to render an adverse decision on Van Epps' DIB claim based, *inter alia,* on a hearing where everyone involved understood Van Epps to be: (i) abandoning her DIB claim; and (ii) receiving a favorable finding for her SSI claim. The Court is astonished that the parties have submitted sixty-one (61) pages of briefing on

a decision plagued by such a fundamental error. (Docket #s 13, 17, 18). Plaintiff's attorney briefly raises this fundamental error in his opening brief (Docket #13, 2) and then is off to the races trying to poke holes in ALJ Halligan's decision (Docket #13, 2-25). Inexplicably, the government, for its part, fails to appreciate the gravity of the error and blithely asserts that "[t]he DIB denial was unrelated to the lack of a pending SSI application." That assertion misses the point: Van Epps requested a hearing before an administrative law judge to hear her *DIB* claim and, at that hearing, ALJ Halligan brokered (in error) a deal whereby Van Epps agreed to abandon her appeal of the DIB denial based on the misunderstanding that her SSI claim would succeed. Therefore, the record is clear: Van Epps' DIB claim has not received a full and fair hearing by an administrative law judge.

What's more, the Appeals Council of the Social Security Administration, using their stock language, gave ALJ Halligan's decision their stamp-of-approval without even addressing, much less even noticing, the fatal flaw. (Tr. 1). Given the egregious nature of the error here, the Court wonders if the Appeals Council took even a fleeting glance at the short transcript of ALJ Halligan's extraordinarily brief hearing. Ironically, ALJ Halligan stated aloud at Van Epps' hearing his belief that "quality control listens" to what happens under his watch. (Tr. 27).

3. CONCLUSION

Put plainly, Van Epps' DIB claim has not received a full and fair hearing. This sort of basic deprivation of due process should have been either: (i) caught by the Appeals Council; or (ii) at the very least, recognized and conceded by the government. Alas, Van Epps was left to invoke the jurisdiction of a United States District Court to address her DIB claim.

Page 9 of 10

Case 2:11-cv-01162-JPS   Filed 01/14/13   Page 9 of 10   Document 20

In light of the aforementioned analysis, the Court finds that the record does not represent a full and fair hearing of Van Epps' DIB claim and will order that ALJ Halligan's decision be vacated and the case remanded to the Social Security Administration for a full hearing on Van Epps' DIB claim.

Accordingly,

IT IS ORDERED that the Commissioner's decision denying plaintiff's application for disability insurance benefits be and the same is hereby VACATED and REMANDED to the Social Security Administration for further proceedings consistent with this opinion.

The Clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge